FILED & JUDGMENT ENTERED
David E. Weich

Jan 27 2005

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In Re: ) | Case No. 05-30168 |
| ) | Chapter 13 |
| **JEFFREY W. NICHOLSON, and** ) | |
| **SHERRI NICHOLSON,** ) | |
| ) | |
| Debtor(s). ) | |
| _____) | |

*CORRECTED*

ORDER DENYING MOTION FOR TURNOVER AND
CONDITIONALLY GRANTING MOTION FOR RELIEF FROM STAY

This matter is before the court on the debtors' Emergency Motion for Turnover of Property seeking return from Branch Bank and Trust Co. ("BB&T") of a car repossessed prepetition; and BB&T's Motion for Relief From Stay seeking relief to sell the repossessed car. The court has concluded that the debtors' present Chapter 13 "cram down" plan of reorganization is insufficient to require return of the car. In order for the debtors to regain possession of a car repossessed prepetition, they must redeem it pursuant to N.C. General Statute § 25-9-623.

Consequently, on the present plan, the motion for turnover must be denied and BB&T's motion for relief from stay must be granted. The court will, however, delay the effective date of its relief from the stay for twenty days in order to give the debtors an opportunity to redeem the car.

<u>Background</u>

1. The debtors owned a car financed by BB&T. BB&T had a properly perfected security interest in the car and its lien was noted on the certificate of title.

2. The debtors defaulted in their payments to BB&T, and BB&T repossessed the car.

3. Shortly after the car was repossessed by BB&T, the debtors filed their bankruptcy petition and Chapter 13 plan of reorganization. Their plan proposed to treat BB&T as having (a) a secured claim in an amount based upon the current value of the car, which is less than the balance owed to BB&T; and (b) an unsecured claim for the difference, of which they propose to repay a small percentage.

4. The debtors have filed a Motion for Turnover of Property seeking to regain the car. The debtors assert that BB&T is adequately protected by their proposed "cram down" repayment plan. BB&T has filed a Motion for Relief From Stay seeking relief to sell the car. BB&T asserts that the debtors

may regain possession of the car only by redeeming it pursuant to N.C. Gen. Stat. § 25-9-623 which requires fulfillment of all obligations secured by the car plus payment of fees and costs.

<u>Discussion</u>

5. Upon lawful prepetition repossession, the properly secured creditor inures to certain rights in the collateral, including the right to sell it. N.C. Gen. Stat. § 25-9-609. At that point, the debtor's rights are more limited, but include the right of redemption. N.C. Gen. Stat. § 25-9-623.

6. The U.S. Court of Appeals for the Fourth Circuit recently held that a debtor's right to redemption under the Uniform Commercial Code is part of the bankruptcy estate defined by 11 U.S.C. § 541(a)(1), and that the debtor may exercise that right to redeem over the course of a Chapter 13 case. <u>Tidewater Finance Co. v. Moffett (In re Moffett)</u>, 356 F.3d 518, 522-23 (4th Cir. 2004). The bankruptcy court for the Eastern District of North Carolina has recently applied <u>Moffett</u> to the fact pattern presented here. <u>In re Jackovich</u>, 04-04514-5-ATS (Bankr. EDNC Jan. 13, 2005). This court has concluded that those decisions control this case.

7. <u>Moffett</u> and <u>Jackovich</u> dictate the following principles to govern situations where the creditor has properly repossessed collateral pursuant to provisions of N.C. Gen. Stat. § 25-9-601

3

et seq. prior to the debtor's filing of a Chapter 13 bankruptcy petition:

    a.   The rights of the creditor and the debtor in the collateral are determined by state law, N.C. Gen. Stat. § 25-9-601 et seq.

    b.   The creditor has the right to sell the collateral pursuant to N.C. Gen. Stat. § 25-9-609.

    c.   The debtor may regain possession of the collateral only by complying with N.C. Gen. Stat. § 25-9-623 which requires fulfillment of all obligations secured by the collateral plus reasonable expenses and fees.

    d.   The debtor's right of redemption, if still extant, becomes property of the estate upon the filing of a bankruptcy petition.

    e.   The debtor may restructure the timing of payments in order to redeem the collateral, and thus a debtor can exercise its right of redemption through the Chapter 13 plan.

    f.   A plan for redemption may adequately protect the secured creditor either by continuation of direct payments, with arrearages, expenses and fees paid through the plan; or by providing for full payment of the entire claim inside the plan.

4

The plan may not modify the terms of the obligation (including the interest rate).

g. A debtor's plan that "crams down" the secured creditor's claim is not sufficient to regain possession of the collateral.

Conclusion

8. Based upon the foregoing principles the court concludes that the debtors' Motion to Turnover must be denied because their present plan proposes to "cram down" BB&T's interest rather than to redeem the collateral. BB&T's Motion for Relief From Stay must be granted because the debtors' present plan does not adequately protect BB&T.

9. However, based on the facts presented here, the debtors still have their right of redemption pursuant to N.C. Gen. Stat. § 25-9-623(c), and the court has concluded that they should be given twenty days to modify their plan to redeem the car from BB&T. Consequently, the granting of BB&T's motion will be conditioned on the debtors having that opportunity.

It is therefore **ORDERED** that:

1. Debtors' Emergency Motion for Turnover of Property is denied;

2. BB&T's Motion for Relief From Stay is granted subject to the following condition;

3. BB&T's relief shall become effective February 14, 2005, unless prior to that date the debtors have redeemed the subject collateral pursuant to N.C. Gen. Stat. § 25-9-623 and the provisions of this Order.

**This Order has been signed electronically.**
**The Judge's signature and Court's seal**
**appear at the top of the Order.**

**United States Bankruptcy Court**